### SAYLES v. NEW YORK, N. H. & H. R. CO.

(Circuit Court, S. D. New York. June 8, 1897.)

CARRIERS—LIMITATION OF LIABILITY—WAYBILLS—QUESTION FOR JURY.

When a shipper of freight over a railroad has signed a waybill containing stipulations limiting the carrier's liability which are not very plain, and are not so situated as to be plainly included within the terms of the contract, it is for the jury, in an action to recover for the loss of the freight, to determine whether the shipper understood, or ought, under all the circumstances, to have understood, that there was such a limitation of liability.

Frederick W. Holls, for plaintiff.
Henry W. Taft, for defendant.

WHEELER, District Judge.   The plaintiff's agent put into a car on the Boston & Maine Railroad some valuable horses, to be carried over that road and the defendant's road to Pawtucket, R. I.   The agent of that road at the time presented to the agent of the plaintiff a waybill, to be signed by him, which said: "Forward the property mentioned below, marked and numbered as in the margin," to the plaintiff, "at Pawtucket," which included, among other things, these horses, and "Subject to the rules and regulations in the freight receipt presented with this, and which are accepted and agreed to be just and reasonable."   This bill of lading was signed by the plaintiff's agent.   The agent of the Boston & Maine Railroad at the same time delivered to the agent of the plaintiff a freight receipt, signed by him, which said: "Received from ———, the property described below, in apparent good order," etc., and, "It is mutually agreed, in consideration of the rate of freight to be paid for this service, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the conditions, whether printed or written, shown or indorsed hereon, and which are hereby agreed to by the shipper, and by him accepted for himself and his assigns as just and reasonable."   On the left-hand margin of both the bill of lading and receipt was a square in black lines, headed "Marks and Numbers," in the lower part of which, on the receipt, was a blank for car number, weight, and advanced charges.   Across this square, and extending beyond it, in another colored ink, and lines running the other way from the rest of the print, on each, was printed: "The rates for transporting animals are based upon and intended only for those of ordinary value, viz.: If horses or mules, not exceeding $100 each; if cattle or cows, not exceeding $75 each; if fat hogs, or fat calves, not exceeding $15 each; if sheep, lambs, stock hogs, or stock calves, not exceeding $5 each; if a full chartered car, on the entire contents of each car, not exceeding $1,200.   And in giving this receipt this Co. assumes no risk for a higher value, unless by special arrangement with the general freight department."   In the squares of this receipt and bill of lading was written in pencil, "B L 5566."   The horses were forwarded over the Boston & Maine Railroad, and part way on the defendant's road towards Pawtucket, and killed, so that the defendant is unquestionably liable.   This suit is brought for the damages for the killing of the horses and the loss of other property, and no question is made, except as to whether, upon this transaction, the defendant is liable for more than $100 for the loss of each of the horses.   That a common carrier may conclusively agree with a shipper as to the value of property carried for which the carrier may be liable, is fully settled in the United States courts.   Hart v. Railroad Co., 112 U. S. 331, 5 Sup. Ct. 151; Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469.   And that a notice or memorandum upon the shipping papers is not conclusive as to such contract, when not plainly a part of the same as agreed to, seems to be also well settled in these courts.

Railroad Co. v. Manufacturing Co., 16 Wall. 318; Ayres v. Railroad Corp., 14 Blatchf. 9, Fed. Cas. No. 689. Whether such a memorandum upon the papers is a part of the contract of shipment, where it is not over the signatures, and plainly a part of the contract signed, seems to be a question of fact. Generally, in making a contract, what the promisor fairly gives the promisee to understand is agreed to is the extent of the terms of the contract. This is elementary. Here the agent of the carrier took from the agent of the shipper the bill of lading and gave the receipt, upon each of which was this indorsement at the left hand; not very plain, and not directly above the signatures. It was not so situated as plainly to be included within the terms of the contract. It would be a part of the contract if understood to be so by the parties, or if the promisor (the carrier) fairly gave the promisee (the shipper or his agent) fairly to understand that it was a part of the contract.

In this case the testimony of the agent of the carrier tended to show that these terms as to value were expressly mentioned when the horses were taken and the papers delivered. The testimony of the agent of the plaintiff tended to show that his attention was not expressly called to this indorsement, that it was not mentioned by the agent of the carrier, nor noticed or understood by him. The defendant insisted that it became conclusively a part of the contract by being so indorsed thereon, and requested that a verdict of the plaintiff be directed for the amount of $100 for each of the horses only. This instruction was refused, and the jury were, in substance, directed to return a verdict for the plaintiff for $100 for each horse, only, if the plaintiff's agent in fact understood that the horses were to go at the value of $100 each, or if from the indorsement, under all the circumstances, he ought to have understood that there was a limitation in value to $100 for each horse, or ought to have understood that there was a provision of the contract by which the value might so be limited, although not in fact understood so by him. In this court the trial of all questions of fact must be by jury. Whether this limitation actually existed by contract could not be determined as a matter of law. The plaintiff's agent did not sign any paper which plainly and conclusively included such a provision. What he did understand about it was a question of fact for the jury, and if he did not come to an understanding about it, what he was fairly given to understand, and ought to have understood, was a further question of fact for the jury. This could not be taken from the jury without infringing upon the right of trial by jury guarantied to all parties. If the carrier would have the limitation upon the value, it should make the limitation to be clearly understood. Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469. If it left the matter doubtful upon the facts, the only right left was to have the question of fact remaining open tried by the jury. This is exactly what the defendant in this case had, and the jury have found, upon those questions, that the plaintiff's agent neither understood, nor ought reasonably to have understood, that there was any limitation upon the value. No question is made as to the fairness

of the jury in reaching the conclusion they did; therefore no reason is apparent for setting aside the verdict.    Motion for new trial overruled, and judgment on the verdict.